IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

LEE J. LUDVICK,

                Plaintiff,

        v.

CHRISTINA L. REIGH, *et al.*,

                Defendants.

Case No. 3:22-cv-00036-SLG-KFR

## SCREENING ORDER AND REPORT AND RECOMMENDATION

On February 25, 2022, Lee J. Ludvick, a self-represented prisoner (hereinafter "Plaintiff"), filed a Notice of Intent to File Suit/Lien.[1] On March 31, 2022, Plaintiff filed a Prisoner's Complaint under the Civil Rights Act, 42 U.S.C. § 1983 (hereinafter "Complaint"), and a civil cover sheet.[2] The Court now screens Plaintiff's Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A.

## SCREENING REQUIREMENT

Federal law requires a court to conduct an initial screening of a civil complaint filed by a self-represented prisoner. In this screening, a court shall dismiss the case at any time if the court determines that the action:

---

[1] Dkt. 1.
[2] Dkt. 3-4.

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.[3]

To determine whether a complaint states a valid claim for relief, courts consider whether the complaint contains sufficient factual matter that, if accepted as true, "state[s] a claim to relief that is plausible on its face."[4] In conducting its review, a court must liberally construe a self-represented plaintiff's pleading and give the plaintiff the benefit of the doubt.[5]

Before a court may dismiss any portion of a complaint for failure to state a claim upon which relief may be granted, the court must provide the plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend or otherwise address the problems, unless to do so

---

[3] 28 U.S.C. § 1915A.
[4] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In making this determination, a court may consider "materials that are submitted with and attached to the Complaint." *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. L.A.*, 250 F.3d 668, 688 (9th Cir. 2001)).
[5] *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

Screening Order
*Ludvick v. Reigh et al*
3:22-cv-00036-SLG                    Page 2 of 13
Case 3:22-cv-00036-SLG-KFR   Document 7   Filed 07/05/22   Page 2 of 13

would be futile.[6]  Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency[.]"[7]

## DISCUSSION

### I. Complaint

Plaintiff brings suit against Third Judicial District Judge Christina L. Reigh, Dillingham Public Defender Christopher S. Lesch, and Assistant District Attorney William Vitkus.[8]  Plaintiff sues Defendants in their official capacities.[9]

Generally, Plaintiff alleges that Defendants violated his right to a speedy and public trial and access to the courts under the Sixth Amendment of the United States Constitution, as well as his right to due process under the Fourteenth Amendment.[10]

Specifically, in Claim 1, Plaintiff alleges Defendant Reigh violated his Sixth Amendment right to a speedy and public trial and that she failed to deliver grand jury paperwork or his indictment to him.  Plaintiff claims that

---

[6] *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).
[7] *See Schreiber Distributing Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).
[8] Dkt. 3 at 2.
[9] *Id*.
[10] *Id*. at 3-5.

Screening Order
*Ludvick v. Reigh et al*
3:22-cv-00036-SLG                               Page 3 of 13
Case 3:22-cv-00036-SLG-KFR   Document 7   Filed 07/05/22   Page 3 of 13

Defendant Reigh uses the COVID-19 Pandemic as an excuse to delay trial while he has been incarcerated for over years.[11]

In claim 2, Plaintiff alleges that Defendant Lesch violated his Sixth Amendment right to access the courts by not filing a motion Plaintiff requested be filed, not sending Plaintiff all discovery, not answering Plaintiff's phone calls or visiting him in jail to discuss the case, and by withholding information. Plaintiff likewise asserts that Defendant Lesch uses the COVID-19 Pandemic as an excuse to deprive Plaintiff of his Sixth Amendment rights.[12]

In claim 3, Plaintiff alleges that Defendant Vitkus violated his Due Process right under the Fourteenth Amendment "by using false and drunk statements" against him while using the COVID-19 Pandemic as an excuse to not begin trial promptly.[13]

For relief, Plaintiff seeks damages in the amount of "three hundred thousand dollars per defendant," and demands a trial by jury.[14] Though Plaintiff sues Defendants in their official capacities, he does not specify the injunctive relief, if any, that he seeks.

---

[11] *Id.* at 3.
[12] *Id.* at 4.
[13] *Id.* at 5.
[14] *Id.* at 8.

Screening Order
*Ludvick v. Reigh et al*
3:22-cv-00036-SLG  Page 4 of 13
Case 3:22-cv-00036-SLG-KFR   Document 7   Filed 07/05/22   Page 4 of 13

The Court takes judicial notice of Plaintiff's three pending state criminal matters.[15] In *State of Alaska v. Lee J. Ludvick,* Case No. 3AN-16-09915CR, the State of Alaska charged Plaintiff with one count of Felony Driving under the Influence, one count of Leaving Accident without Providing Information, and six counts of Violating a Condition of Release. A status hearing is scheduled for June 29, 2022. [16]

Plaintiff faces criminal charges in *State of Alaska v. Lee J. Ludvick,* Case No. 3NA-15-00157CR. In that case, the State of Alaska charged Plaintiff with one count of "Misc/Weapons 3-Armed, Drunk, Trespassing"; one count of "Criminal Mischief 3-Damage $750+"; two counts of Assault in the Third Degree; and six counts of Violating a Condition of Release. A status hearing is scheduled for June 29, 2022.[17]

Additionally, Plaintiff faces criminal charges in *State of Alaska v. Lee J. Ludvick*, Case No. 3NA-20-00040CR. In that case, the State of Alaska charged

---

[15] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." BLACK'S LAW DICTIONARY (11th ed. 2019); *see also Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) ("Materials from a proceeding in another tribunal are appropriate for judicial notice.") (internal quotation marks and citation omitted); *see also* Fed. R. Evid. 201.

[16] *State of Alaska v. Lee J. Ludvick*, Case No. 3AN-16-09915CR ("Party Charge Information" & "Events").

[17] *State of Alaska v. Lee J. Ludvick*, Case No. 3NA-15-00157CR ("Party Charge Information" & "Events").

Screening Order
*Ludvick v. Reigh et al*
3:22-cv-00036-SLG                                    Page 5 of 13
Case 3:22-cv-00036-SLG-KFR   Document 7   Filed 07/05/22   Page 5 of 13

Plaintiff with one count of Assault in the Second Degree; three counts of Assault in the Third Degree; and two counts of Assault in the Fourth Degree. A status hearing is scheduled for June 29, 2022. [18]

II. Civil Rights Claims Under 42 U.S.C. § 1983

Claims under 42 U.S.C. § 1983 have specific required elements that a plaintiff must plead. Title 42 U.S.C. § 1983 is a federal statute that "is not itself a source of substantive rights," but provides "a method for vindicating rights [found] elsewhere."[19] In order to plead a proper § 1983 claim, a plaintiff must allege plausible facts that if proven would establish each of the required elements of: "(1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a 'person' (4) acting under color of state law."[20]

To act under the color of state law, a complaint must allege that the defendants acted with state authority as state actors.[21] Furthermore, a defendant must be eligible for suit. None of the individuals sued by Plaintiff

---

[18] *State of Alaska v. Lee J. Ludvick*, Case No. 3NA-20-00040CR ("Party Charge Information" & "Events").
[19] *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979))

[21] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

Screening Order
*Ludvick v. Reigh et al*
3:22-cv-00036-SLG                Page 6 of 13
Case 3:22-cv-00036-SLG-KFR   Document 7   Filed 07/05/22   Page 6 of 13

in this case are proper defendants under 42 U.S.C. § 1983. Therefore, Plaintiff's Complaint must be dismissed.

### a. Defendant Lesch

A lawyer appointed to represent a criminal defendant in a state court proceeding is "as a matter of law, ... not a state actor."[22] Such a lawyer, whether from the Office of Public Advocacy, Public Defender's Agency, or by contract is "no doubt, paid by government funds and hired by a government agency."[23] This method of payment and retention, however, does not matter, as the lawyer's role in this scenario is "to represent [their] client, not the interests of the [government entity paying their fees]."[24] In this way, a court-appointed lawyer is no different than a privately retained attorney, who in no way can be considered a state actor, but whose "duties and obligations [to the client] are the same."[25]

Defendant Lesch is an attorney with the State of Alaska Public Defender Agency. Plaintiff seeks damages from Defendant Lesch due to his alleged

---

[22] *See Miranda v. Clark County, Nevada*, 319 F.3d 465, 468 (9th Cir. 2003), *cert. denied*, 540 U.S. 814 (2003).
[23] *Id.*, citing *Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (recognizing that the public defender performs "a lawyer's traditional functions" in the lawyer's traditional adversarial role).
[24] *Id.*
[25] *Polk County*, 454 U.S. at 318-19.

Screening Order
*Ludvick v. Reigh et al*
3:22-cv-00036-SLG     Page 7 of 13
Case 3:22-cv-00036-SLG-KFR   Document 7   Filed 07/05/22   Page 7 of 13

actions as a court appointed attorney complying with the operational orders from the Chief Justice of the Alaska Supreme Court and the Presiding Judge of the Third Judicial District of the Alaska Court System. Defendant Lesch, as court appointed counsel to an indigent defendant, is not a state actor as a matter of law. Therefore, he cannot be sued under 42 U.S.C. § 1983.

### b. Defendant Judge Reigh

A state court judicial officer is a state actor. However, "[j]udges and those performing judge-like functions are absolutely immune from damage liability for acts performed in their official capacities."[26] Moreover, judicial immunity extends to preclude prospective injunctive relief against a state court judge for acts or omissions made in that judge's official capacity.[27] This judicial immunity is immunity from lawsuit, not just from ultimate assessment of damages, and it cannot be overcome by allegations of bad faith or malice.[28]

---

[26] *Ashelman v. Pope*, 793 F.2d 1072, 1075-76 (9th Cir. 1986) (citations omitted) (in determining if an action is judicial, courts focus on whether "(1) the precise act is a normal judicial function; (2) the events occurred in the judge's chambers; (3) the controversy centered around a case then pending before the judge; and (4) the events at issue arose directly and immediately out of a confrontation with the judge in his or her official capacity."). "These factors are to be construed generously in favor of the judge and in light of the policies underlying judicial immunity."
[27] 42 U.S.C. § 1983.
[28] *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985); *Pierson v. Ray*, 386 U.S. 547, 554 (1967)).

Screening Order
*Ludvick v. Reigh et al*
3:22-cv-00036-SLG							Page 8 of 13
Case 3:22-cv-00036-SLG-KFR   Document 7   Filed 07/05/22   Page 8 of 13

Defendant Judge Reigh is a judicial officer in the Alaska Superior Court. Plaintiff seeks unspecified injunctive relief due to Defendant Judge Reigh's application of the operational orders from the Chief Justice of the Alaska Supreme Court and the Presiding Judge of the Third Judicial District of the Alaska Court System, which Plaintiff asserts led to delays in his in-court appearances and trial. As a judicial officer acting in his official capacity and in accordance with the rules of the Alaska court system then in place to address the COVID-19 pandemic, Defendant Judge Reigh is immune from suit as a matter of law. Therefore, she cannot be sued under 42 U.S.C. § 1983.

### c. Defendant Vitkus

District attorneys are state actors; however, prosecuting attorneys are immune from suit. Prosecutorial immunity protects government attorneys when they are acting pursuant to their judicial role as an advocate for the state, performing functions "intimately associated with the judicial phase of the criminal process."[29] A prosecutor's absolute immunity extends to

---

[29] *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976).

Screening Order
*Ludvick v. Reigh et al*
3:22-cv-00036-SLG                Page 9 of 13
Case 3:22-cv-00036-SLG-KFR   Document 7   Filed 07/05/22   Page 9 of 13

"initiating a prosecution and presenting the State's case,"[30] including eliciting witness testimony, arguing motions, and pretrial court appearances.[31]

However, "[a] prosecutor's administrative duties and those investigatory functions that do not relate to an advocate's preparation for the initiation of a prosecution or for judicial proceedings are not entitled to absolute immunity."[32] Further, a prosecutor can be held accountable for malicious prosecution. But for any such claim to go forward, a claimant must provide plausible factual details and more than just conclusory allegations.[33]

Most importantly, a claim for malicious prosecution cannot proceed until the termination of the prior criminal proceeding has occurred in favor of the accused.[34] This "avoids parallel litigation over the issue of probable cause and guilt . . . and it precludes the possibility of the claimant [*sic*] succeeding in the tort action after having been convicted in the underlying criminal prosecution, in contravention of a strong judicial policy against the

---

[30] *Id.*
[31] *See Burns v. Reed*, 500 U.S. 478, 490-91 (1991).
[32] *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993).
[33] *Iqbal*, 556 U.S. at 679 (stating that pleadings which "are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").
[34] *Heck v. Humphrey*, 512 U.S. 47, 484 (1994).

Screening Order
*Ludvick v. Reigh et al*
3:22-cv-00036-SLG                          Page 10 of 13
Case 3:22-cv-00036-SLG-KFR   Document 7   Filed 07/05/22   Page 10 of 13

creation of two conflicting resolutions arising out of the same or identical transaction."[35]

Defendant Vitkus is a prosecuting attorney for the State of Alaska. Plaintiff seeks unspecified injunctive relief and damages due to the statements Defendant Vitkus allegedly utilized against Plaintiff and Defendant Vitkus' alleged actions complying with the operational orders from the Chief Justice of the Alaska Supreme Court and the Presiding Judge of the Third Judicial District of the Alaska Court System. As a prosecuting governmental attorney complying with the rules imposed upon him as part of an ongoing judicial proceeding, Defendant Vitkus is immune from suit as a matter of law. Therefore, he cannot be sued under 42 U.S.C. § 1983.

**CONCLUSION**

Defendants are not proper defendants or are immune from suit. Therefore, Plaintiff fails to state a claim upon which relief may be granted. In addition, no defendants may be substituted under these facts; therefore, amendment is futile.[36]

//

---

[35] *Heck*, 512 U.S. at 484.
[36] *Hartmann v. California Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile.").

Screening Order
*Ludvick v. Reigh et al*
3:22-cv-00036-SLG                               Page 11 of 13
Case 3:22-cv-00036-SLG-KFR   Document 7   Filed 07/05/22   Page 11 of 13

**IT IS THEREFORE RECOMMENDED:**

1. This action should be **DISMISSED WITH PREJUDICE** for failing to state a claim upon which relief may be granted and the futility of amendment.

2. All pending motions should be **DENIED AS MOOT**.

3. A dismissal under these circumstances should be a strike as required by 28 U.S.C. § 1915(g) and *Lomax v. Ortiz-Marquez, et al.*, 590 U.S. ___, 140 S.Ct. 172 (2020).[37]

4. The Clerk of Court should issue a final judgment.

DATED this 5th day of July, 2022 at Anchorage, Alaska.

*s/ Kyle F. Reardon*
KYLE F. REARDON
United States Magistrate Judge
District of Alaska

**NOTICE OF RIGHT TO OBJECT**

Under 28 U.S.C. § 636(b)(1), a district court may designate a magistrate judge to hear and determine matters pending before the Court. For

---

[37] 28 U.S.C. § 1915(g) prohibits a prisoner who files more than three actions or appeals in any federal court in the United States which are dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted, from bringing any other actions without prepayment of fees unless the prisoner can demonstrate that he or she is in "imminent danger of serious physical injury."

Screening Order
*Ludvick v. Reigh et al*
3:22-cv-00036-SLG                    Page 12 of 13
Case 3:22-cv-00036-SLG-KFR   Document 7   Filed 07/05/22   Page 12 of 13

dispositive matters, a magistrate judge reports findings of fact and provides recommendations to the presiding district court judge.[38] A district court judge may accept, reject, or modify, in whole or in part, the magistrate judge's order.[39]

A party may file written objections to the magistrate judge's order within 14 fourteen days.[40] Objections and responses are limited to five (5) pages in length and should not merely reargue positions previously presented. Rather, objections and responses should specifically identify the findings or recommendations objected to, the basis of the objection, and any legal authority in support. Reports and recommendations are not appealable orders. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the district court's judgment.[41]

---

[38] 28 U.S.C. § 636(b)(1)(B).
[39] 28 U.S.C. § 636(b)(1)(C).
[40] *Id.*
[41] *See Hilliard v. Kincheloe*, 796 F.2d 308 (9th Cir. 1986).

Screening Order
*Ludvick v. Reigh et al*
3:22-cv-00036-SLG            Page 13 of 13
Case 3:22-cv-00036-SLG-KFR   Document 7   Filed 07/05/22   Page 13 of 13